IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROY T. LEFKOE                   :
Individually and on Behalf      :
of Others Similarly Situated    :
                                :
v.                              :        Civil Action No. WMN-06-1892
                                :
JOS. A. BANK CLOTHIERS <u>et al.</u> :
                                :

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

TEWAS TRUST, UAD 9/23/86        :
Individually and on Behalf      :
of Others Similarly Situated    :
                                :
v.                              :        Civil Action No. WMN-06-2011
                                :
JOS. A. BANK CLOTHIERS <u>et al.</u> :

<u>**MEMORANDUM**</u>

Before the Court are four separate motions in each of the above captioned actions submitted by various members of the Plaintiff class: Roy T. Lefkoe and Vincent Yannuzzi ("Lefkoe and Yanuzzi"); the Haverhill Retirement System ("Haverhill"); Institutional Investor Massachusetts Labor Annuity Fund ("MLAF"); and Ceferino Fajardo, Ronald Fitch, Robert Dietrich, and Thomas Prostack (collectively, "the Fajardo Group").  In their motions, each of the four class member groups requests that the Court consolidate the above captioned actions, appoint the movant as lead plaintiff, and approve the lead plaintiff's selection of counsel.  Papers No. 9, 11, 12, 13 (Civil Action No. WMN-06-1892); Papers No. 14, 16, 17, 18 (Civil Action No. WMN-06-2011). Upon a review of the motions and applicable case law, the Court

determines that no hearing is necessary (Local Rule 105.6) and that the actions will be consolidated.  Further, MLAF will be appointed lead plaintiff and its selection of Lerach Coughlin Stoia Geller Rudman & Robbins, LLP as lead counsel and Brown, Goldstein & Levy, LLP as liaison counsel will be approved.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Each of the actions listed above are federal class actions on behalf of purchasers of common stock of Jos. A. Bank Clothiers, Inc. acquired between January 5, 2006, and June 7, 2006.  Each action seeks to pursue remedies against Defendant Jos. A. Bank and Defendant Robert N. Wildrick, CEO and President of Jos. A. Bank, under sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a).  The allegations of each complaint are substantially similar. Plaintiffs in each action allege that, throughout the class period, Defendants knowingly issued false and misleading statements which overinflated the financial strength of the Company.  Specifically, Defendants issued a series of press releases in January, February, March and April of 2006 reporting the financial results of the previous fiscal month.  In each of these releases, Defendants reported strong increases in sales as compared with sales in the same month of the prior fiscal year. On April 12, 2006, Jos. A. Bank filed its annual report with the SEC, reporting a 24.7% increase in sales and a 44% increase in net income for fiscal year 2005.

As a result of these reports, Plaintiffs allege that the market price of Jos. A. Bank securities became artificially inflated during the class period.  On June 8, 2006, Defendants announced that the Company's net income for the first quarter of 2006 had fallen by 13%.  The Company claimed that the drop in income resulted from aggressive mark downs of the fall clothing inventory.  The announcement resulted in a 28.9% drop in the market price of Jos. A. Bank's common stock.

## II.  DISCUSSION

### A.  Consolidation

The Court must decide the question of consolidation before turning to the appointment of lead plaintiff.  In re Royal Ahold N.V. Sec. & ERISA Litig., 219 F.R.D. 343, 348 (D. Md. 2003) (citing the Private Securities Litigation Reform Act, 15 U.S.C. 78u-4(a)(3)(B)(ii)).  In deciding whether to consolidate, the Court must determine "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."  Arnold v. Eastern Air Lines, Inc., 681 F.2d 186,

193 (4th Cir. 1982) (citing Fed. R. Civ. P. 42).[1]

Civil Action No. WMN-06-1892 was filed in this Court on July 24, 2006, and Civil Action No. WMN-06-2011 was filed in this Court on August 3, 2006.  Both actions arise out of the same alleged conduct and raise essentially the same claims.  Each action asserts class claims on behalf of Jos. A. Bank shareholders for alleged violations of the Securities Exchange Act during the same time period.  The actions name the same Defendants and state nearly identical factual and legal issues. The Court finds that, pursuant to Rule 42(a), it would be in the interest of justice and judicial economy to consolidate these actions, both for discovery and trial.  See In re Royal Ahold N.V. Sec., 219 F.R.D. at 348 (finding that consolidation is "often appropriate in the case of multiple securities fraud actions that are based on the same public statements and reports").

    B.  Appointment of Lead Plaintiff

The Private Securities Litigation Reform Act ("PSLRA") sets forth the procedures concerning the selection of a lead plaintiff in a securities class action.  15 U.S.C. § 78u-4(a)(3)(B).

---

[1]  Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."  Fed. R. Civ. P. 42(a).

Within sixty days of the publication of notice of the class action, any person or group of persons who are members of the proposed class may move to be appointed as lead plaintiff. Id. § 78u-4(a)(3)(A)(i)(II). Within ninety days of the publication of notice, "the court shall consider any motion made by a purported class member in response to the notice . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." Id. § 78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that "(1) has filed the complaint or made a motion for appointment in response to a notice to class members about the pendency of the suit; (2) has 'the largest financial interest in the relief sought by the class'; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." In re Royal Ahold N.V., 219 F.R.D. at 348 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). This presumption may be rebutted by proof from another class member that the presumptive lead plaintiff either "(1) will not fairly and adequately represent the class; or (2) is subject to 'unique defenses' that make the plaintiff incapable of adequately representing the class." Id. (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

Among the four competing movants, Plaintiff MLAF most

5

adequately represents the class.  MLAF filed a timely motion for appointment in accordance with the requirements of the PSLRA. <u>See</u> Paper No. 12 (Civil Action No. 06-1892); Paper No. 17 (Civil Action No. 06-2011).  Additionally, MLAF has presented undisputed evidence showing that it suffered losses in the amount of $279,165.40, the largest among the four movants.  <u>See</u> Paper No. 12 (Civil Action No. 06-1892), Attach. 3 Decl. Daniel F. Goldstein.

Finally, the Court finds that MLAF satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. <u>See</u> 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  The Rule 23 inquiry under the PSLRA "focuses solely on whether the person will be an appropriate class representative, and not whether the class may ultimately be certified."  <u>In re MicroStrategy Inc. Securities Litigation</u>, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000).  Thus, for the appointment of the lead plaintiff, "only a preliminary holding that the typicality and adequacy requirements are satisfied is necessary[.]"  7B Charles A. Wright, Arthur R. Miller & Mary K. Kane,  <u>Federal Practice and Procedure</u> § 1806 (3d ed. 2005); <u>see also</u> <u>In re MicroStrategy Inc. Securities Litigation</u>, 110 F. Supp. 2d at 435 (finding that the "district court need only determine (i) whether the movant's 'claims or defenses . . . are typical of the claims or defenses of the class' and (ii) whether the movant 'will fairly and adequately

protect the interests of the class.'") (quoting Fed. R. Civ. P. 23).

Here, MLAF's claim satisfies the typicality inquiry. "A person's claim is 'typical' 'when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" In re MicroStrategy Inc. Securities Litigation, 110 F. Supp. 2d at 435 (quoting In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992)). Both MLAF and the other members of the proposed class base their claims on the allegedly false and misleading financial statements made by Defendants between January 5, 2006, and June 7, 2006. Additionally, MLAF's legal theory, that Defendant's actions violated sections 10(b) and 20(a) of the Securities Exchange Act, is the identical legal theory that underlies the claims of the proposed class members. Thus, MLAF's claims satisfy the typicality requirement of Rule 23. Id.

The adequacy inquiry under Rule 23 requires the Court to determine "whether the movant has 'the ability to represent the claims of the class vigorously, whether it has obtained adequate counsel, and whether there is a conflict between the movant's claims and those asserted on behalf of the class.'" In re Royal Ahold N.V., 219 F.R.D. at 350 (quoting In re Cedant Corp. Litigation, 264 F.3d 201, 265 (3d Cir. 2001)). Here, there is no

7

potential conflict of interest as the claims asserted by MLAF are substantially identical to those of the proposed class. Additionally, MLAF has demonstrated its willingness to pursue the claims of the proposed class by hiring counsel experienced in performing complex securities class action litigation.  Id. at 265-66 (finding that, in making the adequacy determination, the court should consider the movant's willingness to hire competent counsel).

Because MLAF has satisfied the conditions provided in section 78u-4(a)(3)(B)(iii) of the PSLRA, it is presumed to be the most adequate plaintiff.  The competing movants have not provided sufficient evidence to rebut this presumption. Following the filing of MLAF's opposition motions, Haverhill has conceded that MLAF is the presumptive most adequate plaintiff, and, therefore, has not opposed MLAF's motion.[2]  Paper No. 21 (Civil Action No. 063-1892); Paper No. 20 (Civil Action No. 06-2011).  Additionally Lefkoe and Yannuzzi have effectively withdrawn their request to be appointed co-lead plaintiffs along with MLAF.  Paper No. 35 (Civil Action No. 06-1892); Paper No. 24 (Civil Action No. 06-2011).  Finally, the Fajardo Group has not opposed MLAF's motion in either of the above captioned actions. Thus, MLAF's Motions for Consolidation, Appointment as Lead

---

[2]  Haverhill claims to hold the second largest substantiated loss, and, therefore, asks to serve as the lead plaintiff, should MLAF be unable to fulfill its role.

Plaintiff and for Approval of Selection of Lead and Liason Counsel are uncontested.

### C.  Appointment of Lead Counsel

Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. 78u-4(a)(3)(B)(v).  In this case, MLAF has retained Lerach Coughlin Stoia Geller Rudman & Robbins, LLP as lead counsel and Brown, Goldstein & Levy, LLP as liaison counsel and has submitted evidence supporting their qualifications.  See Paper No. 12 (Civil Action No. 06-1892) Attachs. 7, 8.  It is undisputed that these firms are competent and experienced in class action securities litigation and that they have the resources to serve effectively as counsel.

### III.  CONCLUSION

For the above stated reasons, MLAF's Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead and Liaison Counsel will be GRANTED.  A separate order consistent with this memorandum will follow.


_____/s/_____

William M. Nickerson
Senior United States District Judge


Dated: November 20, 2006

9