# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROY T. LEFKOE, On Behalf of Himself and All Others Similarly Situated, | ) | No. 1:06-cv-01892-WMN |
| | ) | (Consolidated) |
| Plaintiff, | ) | CLASS ACTION |
| vs. | ) | STIPULATION OF SETTLEMENT |
| JOS. A. BANK CLOTHIERS, INC., et al., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

This Stipulation of Settlement dated as of January 28, 2010 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in Section IV hereof) to the above-entitled Litigation: (i) the Lead Plaintiff, Massachusetts Labor Annuity Fund ("Lead Plaintiff") (on behalf of itself and each of the Class Members), by and through its respective counsel of record in the Litigation; and (ii) Jos. A. Bank Clothiers, Inc ("Jos. A. Bank" or the "Company"), Robert N. Wildrick, David E. Ullman, and R. Neal Black (collectively, "Defendants"), by and through their counsel of record in the Litigation.  The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.        THE LITIGATION

In July and August 2006, two securities class actions were filed in the United States District Court for the District of Maryland (the "Court").  On November 20, 2006, the Court entered an order consolidating the two cases (the "Litigation") and appointing Massachusetts Labor as Lead Plaintiff pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") and approved its selection of Lead and Liaison Counsel, pursuant to §21D(a)(3)(B)(v) of the Exchange Act.

On February 23, 2007, Lead Plaintiff filed its Consolidated Class Action Complaint (the "Complaint") alleging violations of §10(b) of the Exchange Act against all Defendants and that the individual defendants violated §20(a) of the Exchange Act.  On April 3, 2007, Defendants moved to dismiss all claims pursuant to Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA").  On September 10, 2007, United States District Court Judge William M. Nickerson denied Defendants' motion to dismiss in its entirety.  On November 15, 2007, Defendants filed their Answer and Affirmative Defenses to the Complaint.

On or about December 18, 2007, the parties initiated written discovery.  As a result, Defendants have produced over 1.3 million pages of documents.  In addition, a total of 23 depositions have been taken.  On March 28, 2008, Lead Plaintiff filed a motion for class certification.  That motion is still pending.

On June 30, 2009, the parties participated in mediation before the Honorable Magistrate Judge Susan Gauvey, but they were not able to reach an agreement.  On October 27, 2009, the parties participated in a second mediation before the Honorable Daniel Weinstein (Ret.) in which they reached an agreement-in-principle to settle the Litigation, subject to Court approval.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation; continue to believe the claims asserted against them in the Complaint are without merit; and have agreed to enter into the settlement solely to avoid the expense, distraction, time, and uncertainty associated with continuing the Litigation.

Defendants have concluded that further conduct of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports those claims.  However, Lead Plaintiff recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals.  Lead Plaintiff also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation.  Lead Plaintiff is also

mindful of the inherent difficulties of proof under and possible defenses to the securities law violations asserted in the Litigation.  At the time of the settlement, the substantial discovery completed did not substantiate any of the claims asserted against the individual defendants.  Lead Plaintiff believes that the settlement set forth in the Stipulation confers substantial benefits upon the Class.  Based on their evaluation, Lead Plaintiff and Lead Counsel have determined that the settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Lead Plaintiff (for themselves and each of the respective Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties and Released Persons, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.    Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of RSM McGladrey, Inc.

1.3    "Class" means all Persons who purchased Jos. A. Bank  common stock between December 5, 2005 and June 7, 2006, inclusive.  Excluded from the Class are Defendants, officers and directors of Jos. A. Bank, members of their immediate families and their legal representatives, heirs, successors and assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Proposed Settlement of Class Action.

3

1.4     "Class Member" or "Class Members" mean any Person who falls within the definition of the Class as set forth in ¶1.3 of the Stipulation.

1.5     "Class Period" means the time period beginning on December 5, 2005 and ending on June 7, 2006.

1.6     "Defendants" means Jos. A. Bank, Robert N. Wildrick David E. Ullman, and R. Neal Black .

1.7     "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.8     "Escrow Agent" means Coughlin Stoia Geller Rudman & Robbins LLP.

1.9     "Jos. A. Bank" means Jos. A. Bank Clothiers, Inc. and its past and current parents, divisions, predecessors, successors and assigns.

1.10     "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirty-third (33rd) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such thirty-third (33rd) day); and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the final determination of that motion or appeal (including any petition for writ of certiorari) in such a manner as to permit the consummation of the

4

settlement substantially in accordance with the terms and conditions of this Stipulation.   For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and expenses or the Plan of Allocation of the Settlement Fund.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of distribution and/or application for attorneys' fees, costs or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

1.11    "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.12    "Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP.

1.13    "Lead Plaintiff" means Massachusetts Labor Annuity Fund.

1.14    "Liaison Counsel" means Brown, Goldstein & Levy LLP.

1.15    "Notice Order" means the order described in ¶3.1 hereof.

1.16    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.17    "Plaintiffs' Counsel" means any counsel who have appeared for any plaintiff in the Litigation.

1.18    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest as may be awarded by the Court.  Any Plan of Allocation is not part of

the Stipulation, and Defendants and their Related Parties shall have no responsibility therefor or liability with respect thereto.

1.19   "Related Parties" means, with respect to each Defendant, the immediate family members, heirs, executors, administrators, and present and former shareholders (excepting class members), successors, assigns, employees, officers, directors, attorneys, legal representatives, accountants, insurers, reinsurers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Defendant or in which any Defendant has or had a controlling interest and the present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, employees, officers, directors, shareholders (excepting class members), attorneys, assigns, legal representatives, insurers, reinsurers, and agents of each of them.

1.20   "Released Claims" means all rights, demands, claims (including "Unknown Claims" as defined in ¶1.24) and causes of action of every nature and description, in law or equity, accrued or unaccrued, and whether known or unknown, and whether arising under federal, state, common or foreign law, that Lead Plaintiff or any member of the Class asserted, or could have asserted, arising out of, or relating to, directly or indirectly, the purchase of Jos. A. Bank common stock during the Class Period, and the facts, matters, allegations, transactions, events, disclosures, statements, acts or omissions which were alleged or that could have been alleged in the Litigation.[1]

1.21   "Released Persons" means each and all of Defendants and each and all of their Related Parties.

---

[1]   Specifically excluded from this release are those claims alleged by plaintiff Norfolk County Retirement System and set forth in the proposed Amended Verified Shareholder Derivative Complaint submitted on January 11, 2010 in the pending action entitled *Norfolk County Retirement System v. Robert N. Wildrick, et al.*, Case No 1:09-cv-02691-BEL (D. Md. Oct. 16, 2009).

1.22    "Settlement Fund" means the principal amount of Four Million Dollars ($4,000,000.00) in cash, to be paid pursuant to ¶2.1 of this Stipulation, plus all interest earned thereon.

1.23    "Settling Parties" means, collectively, each of the Defendants and Lead Plaintiff on behalf of itself and each of the Class Members.

1.24    "Unknown Claims" means all claims, demands, rights, liabilities, and causes of action of every nature and description which Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, hers or its settlement with and release of the Released Persons, or might have affected his, hers or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she, they or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally and forever settle and release, and

each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.   Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**2.     The Settlement**

**a.     The Settlement Fund**

2.1     The principal amount of $4,000,000.00 in cash shall be paid on behalf of Defendants by their insurers to the Escrow Agent on or before the later of (i) twenty (20) calendar days after entry of the Notice Order or (ii) Defendants' receipt of wire transfer instructions.  The $4,000,000.00 plus any accrued interest shall constitute the Settlement Fund.

2.2     In order to facilitate the timely payment of the principal amount by Defendants' insurers, Lead Counsel shall provide to Defendants complete payment instructions for making said payment (by wire and check), including any necessary tax forms and/or other information, as soon as practicable after the execution of the Stipulation but in no event later than the date upon which the Notice Order is entered.  If information sufficient to facilitate payment of the principal is not provided to Defendants by the date upon which the Notice Order is entered, the twenty (20) day

period set forth in ¶2.1 shall not begin to run until such information is provided.  Any amounts not so

paid will bear interest of 7% per annum until such monies are paid.

> **b.    The Escrow Agent**

2.3     The Escrow Agent shall establish a separate, segregated interest bearing escrow

account (which shall be a Qualified Settlement Fund with its own tax identification number), located

in California, at a nationally recognized financial institution and, within seven (7) business days of

receipt, shall invest the Settlement Fund transferred pursuant to ¶2.1 hereof in short-term instruments

backed by the full faith and credit of the United States Government, or fully insured by the United

States Government or an agency thereof, with a maturity date of less than 181 days, and shall

reinvest the proceeds of these instruments as they mature in similar instruments at their then-current

market rates.  All risks related to the investment of the Settlement Fund shall be borne by the Escrow

Agent and not by any of the Defendants or the Related Parties.

2.4     The Escrow Agent shall not disburse the Settlement Fund except as provided in the

Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.5     Subject to further order and/or direction as may be made by the Court, the Escrow

Agent is authorized to execute such transactions on behalf of the Class as are consistent with the

terms of the Stipulation.

2.6     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

*legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.7     Within five (5) days after payment of the Settlement Fund to the Escrow Agent

pursuant to ¶2.1 hereof, the Escrow Agent may establish a "Notice and Administration Fund," and

may deposit up to $150,000 from the Settlement Fund in it.  The Notice and Administration Fund

may be used by the Escrow Agent without further consent of Defendants or order of the Court to pay

costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any.  The Notice and Administration Fund may also be invested and earn interest as provided for in ¶2.3 of this Stipulation.

### c.  Taxes

2.8  (a)  The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.8, including, if necessary, the "relation-back election" (as defined in Treas. Reg. §1.468B-1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under §1.468B of the Internal Revenue Code of 1986, as amended (the "Code").  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)  For the purpose of §1.468B of the Code and the Treasury regulations thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

(c)      All: (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.8) ("Tax Expenses"), shall be paid out of the Settlement Fund.  In no event shall Defendants or their Related Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses.  The Settlement Fund shall indemnify and hold each of Defendants and their Related Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without further consent of Defendants, or prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amount, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants nor their Related Parties are responsible therefor nor shall they have any liability with respect thereto.  The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.8.

(d)     For the purpose of this ¶2.8, references to the Settlement Fund shall include both the Settlement Fund and the Notice and Administration Fund and shall also include any earnings thereon.

### d.     Termination of Settlement

2.9     In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), less reasonable and actual expenses due and owing in connection with the settlement and Taxes and Tax Expenses incurred or due and owing in connection with the settlement provided for herein (up to $150,000) shall be refunded to the insurers as provided in ¶7.3 below.  If the Settlement is terminated for any reason before the creation of the Notice and Administration Fund, any and all expenses up to $150,000 reasonably and actually incurred by Lead Counsel or the Claims Administrator in connection with providing notice to the Class, locating Class Members, soliciting claims and assisting with the filing of claims shall be borne by Defendants' insurers.

### 3.     Notice Order and Settlement Hearing

3.1     As soon as practicable after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its exhibits to the Court and shall apply for entry of the Notice Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for mailing the Notice of Proposed Settlement of Class Action (the "Notice"), substantially in the form of Exhibit A-1 attached hereto and publication of a Summary Notice, substantially in the form of Exhibit A-3 attached hereto.  The Notice shall include the general terms of the settlement set forth in the Stipulation and the date of the Settlement Hearing.

3.2     Lead Counsel shall request that after notice is given, the Court hold a hearing and finally approve the settlement of the Litigation as set forth herein, as well as the proposed Plan of Allocation and the Fee and Expense Application ("Settlement Hearing").

**4.      Releases and Covenant Not to Sue**

4.1     Upon the Effective Date, as defined in ¶1.7 hereof, the Lead Plaintiff and the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Lead Plaintiff or Class Member executes and delivers a Proof of Claim and Release form.

4.2     The Proof of Claim and Release form to be executed by Lead Plaintiff and Class Members shall release all Released Claims against the Released Persons.

4.3     Upon the Effective Date, as defined in ¶1.7 hereof, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims, excepting Defendants' rights to enforce this Stipulation.

4.4     Lead Plaintiff agrees and covenants not to file or pursue any claim against Defendants between the date of this Stipulation and the Effective Date.  The parties agree that, if the settlement does not become Final, the period of time between the date of this Stipulation and the Effective Date shall not be counted for purposes of any claim or defense based on passage of time.

4.5     Defendants agree and covenant not to file or pursue any claim against Lead Plaintiff between the date of the Stipulation and the Effective Date.  The parties agree that, if the settlement

does not become Final, the period of time between the date of this Stipulation and the Effective Date shall not be counted for purposes of any claim or defense based on passage of time.

**5.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund**

5.1     The Claims Administrator shall administer and calculate the claims submitted by Class Members.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶2.8 hereof;

(c)     to pay Lead Plaintiff's counsel's attorneys' fees and expenses with interest thereon (the "Fee and Expense Award") when, if and to the extent allowed by the Court; and

(d)     to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the terms of this Stipulation.

5.4     Within ninety (90) days after such time as set by the Court to mail notice to the Class, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release form, substantially in a form approved by the

Court, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release form and as are reasonably available to the Authorized Claimant.

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release form within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

5.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who deposited the checks sent in the initial distribution in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit entity chosen by Lead Counsel.

5.7     This is not a claims-made settlement.  Accordingly, once all conditions of the Stipulation are satisfied and the settlement becomes Final, no portion of the Settlement Fund will be returned to Defendants or their insurers.  Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Settlement

Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

5.8    No Person shall have any claim against Lead Plaintiff, the Escrow Agent, Plaintiffs' Counsel, Defendants, Defendants' insurers, the Claims Administrator or other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the settlement contained herein, a Court-approved Plan of Allocation, or further order(s) of the Court.

5.9    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

**6.    Plaintiffs' Counsel's Attorneys' Fees and Expenses**

6.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of reasonable attorneys' fees from the Settlement Fund; plus (b) payment of expenses incurred in the Litigation, including the fees of any experts or consultants, incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid).  Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2    Upon an appropriate Court order, the fees and expenses, as awarded by the Court, shall be paid to Plaintiff's Lead Counsel from the Settlement Fund, as ordered, immediately after the

Court executes an order awarding such fees and expenses and the Court's final approval of the settlement. Plaintiff s Lead Counsel may thereafter allocate the attorney fees among other plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution and resolution of the Litigation. In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then each plaintiffs' law firm receiving a portion of the awarded fees and expenses shall, jointly and severally, be obligated to immediately refund such amounts of fees and expenses to the Settlement Fund as are consistent with any reversal or modification plus interest at the same rate as earned on the Settlement Fund. Each such plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3    The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.4     Attorneys' fees and expenses shall be paid in full from the Settlement Fund. Defendants and their Related Parties shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Plaintiffs' Counsel.

6.5     Defendants and their Related Parties shall have no responsibility for or liability with respect to the allocation among Plaintiffs' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation, and Defendants and their respective Related Parties take no position with respect to such matters.

**7.      Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the contribution to the Settlement Fund, as required by ¶2.1 hereof;

(b)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.6 hereof;

(c)     the Court has entered the Notice Order, as required by ¶3.1 hereof;

(d)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)     the Judgment has become Final, as defined in ¶1.10 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

7.3     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, subject to the terms of ¶2.8 hereof, the Settlement Fund (including accrued interest), plus any amount then remaining in the Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to ¶2.7 hereof or are determined to be chargeable to the Notice and Administration Fund, including Taxes and Tax Expenses (up to $150,000), shall be refunded by the Escrow Agent to Defendants' insurers upon written instructions from Defendants' counsel.  At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to Defendants' insurers.

7.4     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of October 28, 2009. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶2.8-2.9, 6.2, 7.3-7.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.5     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor Plaintiffs' Counsel shall have any obligation to repay any amounts (up to $150,000) actually and properly disbursed from the Notice and Administration Fund and any expenses already incurred and properly chargeable to the Notice and Administration Fund pursuant to ¶2.7 hereof at the time of such termination or cancellation, but which have not been paid.  The expenses already incurred and properly chargeable to the Notice and Administration Fund shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.9 and 7.3 hereof.

7.6     If prior to the Settlement Hearing, the aggregate number of shares of Jos. A. Bank common stock purchased by Persons who would otherwise be members of the Class, but who request exclusion from that Class, exceeds the sum specified in a separate supplemental agreement between Lead Plaintiff and Defendants (the "Supplemental Agreement"), Defendants shall have the option (which option shall be exercised by Jos. A. Bank on behalf of all Defendants in its sole discretion) to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement will not be filed with the Court unless required by court rule or unless and until a dispute as between Lead Plaintiff and Defendants concerning its interpretation or application arises.

### 8.     No Admission of Wrongdoing

8.1     Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Litigation and, therefore, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind and, further, the Stipulation, whether or not consummated, and any negotiations, discussions or proceedings in connection herewith shall not be:

(a)      offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any fact alleged by the Class Members or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b)      offered or received against any Defendant as evidence of a presumption, concession, admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against Lead Plaintiff or any Class Member as evidence of any infirmity in the claims of Lead Plaintiff and the Class;

(c)      offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

(d)      construed against Defendants, Lead Plaintiff or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

**9.      Miscellaneous Provisions**

9.1      The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2     This Stipulation, the exhibits attached hereto and the Supplemental Agreement constitutes the entire agreement between the Settling Parties as to the subject matter hereof and supersedes any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.

9.3     No modification or amendment of this Stipulation shall be valid unless made in writing and signed by or on behalf of each party hereto.   No representations, warranties or inducements have been made to any party concerning the Stipulation, its exhibits or the Supplemental Agreement other than the representations, warranties and covenants contained and memorialized in such documents.   Except as otherwise provided for herein, each party shall bear his, her or its own costs.

9.4     The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.

9.5     Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.6     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.7     All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.8     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.9     Lead Counsel, on behalf of the Class, are expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.10    Each counsel or other Person executing the Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.11    The Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or by email in PDF format.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

9.12    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

9.14    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

9.15    If a case is commenced with respect to any Defendant or Defendants' insurers under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof on behalf of the Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction, and any portion thereof paid on behalf of any Defendant by its insurer(s) is required to

be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the

election of Lead Counsel, the parties shall, unless the parties otherwise agree, jointly move the Court

to vacate and set aside the releases given and the Judgment entered in favor of such Defendants

pursuant to this Stipulation, which releases and the Judgment shall be null and void, and the parties

so affected shall be restored to their respective positions in the Litigation as of October 28, 2009, and

any other cash amounts in the Settlement Fund paid on behalf of such affected Defendants by

Defendants' insurers shall be returned as provided herein.

9.16   The Stipulation and the exhibits hereto shall be considered to have been negotiated,

executed and delivered, and to be wholly performed, in the State of Maryland, and the rights and

obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and

governed by, the internal, substantive laws of the State of Maryland without giving effect to that

state's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by

their duly authorized attorneys dated as of January 28, 2010.

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
JACK REISE

JACK REISE
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

Lead Counsel

24

BROWN, GOLDSTEIN & LEVY LLP
DANIEL F. GOLDSTEIN
120 East Baltimore Street, Suite 1700
Baltimore, MD 21202
Telephone: 410/962-1030
410/385-0869 (fax)

Liaison Counsel
VENABLE LLP
JAMES A. DUNBAR

JAMES A. DUNBAR   w /permission
210 West Pennsylvania Avenue, Suite 500
Towson, Maryland 21204
Telephone: 410/494-6200
410/821-0147 (fax)

Counsel for Defendants

25