UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| ROY T. LEFKOE, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> JOS. A. BANK CLOTHIERS, INC., et al., <br><br> Defendants. | No. 1:06-cv-01892-WMN <br> **(Consolidated)** <br><br> <u>CLASS ACTION</u> <br><br> ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, a consolidated action is pending before this Court styled *Roy T. Lefkoe v. Jos. A. Bank Clothiers, Inc., et al.*, No. 1:06-cv-01892-WMN (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of January 28, 2010 (the "Stipulation"), which, together with the exhibits annexed thereto, and the revised Notice of Proposed Settlement of Class Action set forth the terms and conditions for a proposed settlement of the filed on March 1, 201 Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on July 8, 2010, at 10:00 a.m., at the United States District Court for the District of Maryland, U.S. Courthouse, Room 330, 101 West Lombard Street Baltimore, Maryland 21201 to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine any amount of fees and expenses that should be awarded to Lead Counsel for its representation of the Class.

3. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of RSM McGladrey, Inc., 512 Township Line Road, One Valley Square – Suite 250, Blue Bell,

Pennsylvania 19422 ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than April 1, 2010 (the "Notice Date"), the Claims Administrator shall cause a copy of the Revised Notice of Proposed Settlement of Class Action of the Stipulation of Settlement and the Proof of Claim and Release, substantially in the forms annexed as Exhibits A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www._____.com; *[handwritten margin note: filed on March 1, 2010]*

(b) Not later than April 1, 2010, the Claims Administrator shall cause the Summary Notice to be published [once] in the national edition of the *Investors Business Daily*; and

(c) Not later than June 24, 2010, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

4. Nominees who purchased Jos. A. Bank common stock between December 5, 2005 and June 7, 2006, inclusive, shall be requested to send the Notice and Proof of Claim and Release to all such beneficial owners of Jos. A. Bank common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.

5. All fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund.

6. All members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

7. Class Members who wish to participate in the settlement shall complete and submit the Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim and Release forms must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed.

8. Any member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

9. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than June 8, 2010. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases of Jos. A. Bank common stock during the Class Period, including the dates, the number of shares of Jos. A. Bank common stock purchased, and price paid for each such purchase; and (c) that the Person wishes to be excluded from the Class. All Persons which submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

10. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event within twenty-one (21) days prior to the Settlement Hearing.

11. Any member of the Class may appear and show cause, if he, she, or it has any reason why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to counsel for Lead Plaintiff's Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to counsel for Lead Plaintiff, unless written objections and copies of any papers and briefs are received by Jack Reise, Coughlin Stoia Geller Rudman & Robbins LLP, 120 East Palmetto Park Road, Suite 500, Boca Raton, FL 33432, James A. Dunbar, Venable LLP, 210 West Pennsylvania Avenue, Suite 500, Towson, MD 21204, on or before _June 8_, 2010; and said objections, papers and briefs are filed with the Clerk of the United States District Court for the District of Maryland, on or before _June 8_, 2010. Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Counsel for its representation of the Class, unless otherwise ordered by the Court.

12. All funds held by the Escrow Agent(s) shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

13. All papers in support of the settlement, Plan of Allocation and any application by counsel for Lead Plaintiff for attorneys' fees and expenses shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in ¶11 and any reply papers shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

14. Neither Defendants nor their Related Parties shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiff and Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

15. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel and any application for attorneys' fees and expenses should be approved.

16. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. Subject to the terms of the Stipulation, in the event the Court does not approve the settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.7 of the Stipulation.

17. Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Litigation, and as such, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

18. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement,

with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: 3/2/10

_____
THE HONORABLE WILLIAM M. NICKERSON
UNITED STATES DISTRICT JUDGE